## OST *v.* MERCHANTS AND FARMERS BANK *et al.*

Upon the facts recited in the certified question, the maker of the note was not released from liability.

No. 4336. OCTOBER 21, 1924.

Questions certified by Court of Appeals (Case No. 15086).

*Gibbs & Turner, J. H. Quarterman,* and *Parker & Parker,* for plaintiff.

*Thomas & Walker,* for defendants.

GILBERT, J. The Court of Appeals certified questions to this court, among which is the following: "Where A was the payee and holder of a past-due promissory note executed by a bank hereinafter called 'the first bank' and the cashier of the bank withdrew therefrom a sufficient sum to pay the note, and, though making entries upon the bank's books signifying its payment, appropriated the money to his own use without paying it, and where, after the cashier severed his relation with the bank, he sent his individual personal check to A, drawn in A's favor upon a second bank, which check, without indorsement, A, by a third bank as her agent, transmitted to the second or drawee bank for 'acceptance' or 'collection,' and where the second or drawee bank upon receipt of the check

marked it 'paid,' charged the amount thereof to the individual checking account of its customer, the drawer, which showed a sufficient balance to his credit with the drawee bank to pay it, and thereupon delivered the check in due course to the drawer, he accepting it, and sent to the third bank for A, not cash or its equivalent, but the draft of it, the second or drawee bank, payable to the third bank, drawn upon a fourth bank, and where the second bank then failed, and its draft, when presented to the fourth bank by the third bank acting by authority of A, was dishonored, A never receiving anything further either for the check or the draft, and where there is nothing to show whether the second bank, at the time it received the check, marked it paid and charged it to the account of the drawer, as stated above, was insolvent, or that its officers knew of its insolvency if existing, except that it closed its doors two days later, it conclusively appearing, however, that if the bank was insolvent at such time it was unknown to the drawer of the check, and where, although it does not appear that A ever made any express agreement to receive either the check or the draft in payment of the note, she was told by the drawer of the check before she received it that he had taken sufficient money from the first or maker bank to pay the note, and for that reason he would personally pay it, and she on his request, after the draft of the second bank was dishonored, refrained for a period of between ten and eleven months from demanding payment of the note by the maker and from informing it of any of the facts relating to the check or the draft, although she had reasonable opportunity to do so, would the first bank, as a matter of law, still be liable to A upon the note? If the preceding question should be answered in the affirmative, answers to other questions will not be desired."

Under the facts stated "the first bank," as a matter of law, is "still liable to A upon the note." None of the facts stated are sufficient in law to release "the first bank," maker of the note, nor to raise any question of fact requiring the intervention of a jury. The facts stated in the preceding question differ materially from the facts in the case of *Pollak* v. *Niall-Herin Co.*, 137 *Ga.* 23 (72 S. E. 415, 35 L. R. A. (N. S.) 13). There "the drawer of an accepted draft" deposited the same in a bank for collection, constituting such bank its agent, which said bank sent the accepted draft to its correspondent bank in another city for collection. The

draft was collected by such correspondent bank, and the draft was delivered to the drawee. Thus the matter was terminated on the part of the drawee. The collecting bank and the forwarding bank were liable to the holder of the draft. Other authorities cited in behalf of the bank are not controlling on the question, and do not require discussion in detail.       *All the Justices concur.*